1  VALLE MAKOFF LLP
2  JEFFREY B. VALLE (Bar No. 110060)
      jvalle@vallemakoff.com
3  DAVID S. SHUKAN (Bar No. 143683)
      dshukan@vallemakoff.com
4  11911 San Vicente Boulevard, Suite 324
5  Los Angeles, California 90049
   Telephone:  (310) 476-0300
6  Facsimile:   (310) 476-0333

7  Attorneys for Plaintiffs
   Uptime Sports Nutrition Inc. and
8  Uptime Energy Inc.

9

10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
11                   WESTERN DIVISION
12

13 | UPTIME SPORTS NUTRITION INC.; | Case No. 2:17-cv-4396
14 | UPTIME ENERGY INC.,           |
15 |         Plaintiffs,           |
16 |                               |
17 |    v.                         | COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION AND FALSE DESIGNATION OF ORIGIN; FOR STATE LAW UNFAIR COMPETITION AND FALSE ADVERTISING; FOR STATE AND COMMON LAW TRADEMARK INFRINGEMENT; AND FOR INJUNCTIVE RELIEF;
18 | UP ENERGY DRINK LLC           |
19 |         Defendant.            |
20 |                               |
21 |                               |
22 |                               |
23 |                               | DEMAND FOR JURY TRIAL
24

25

26

27

# COMPLAINT

1. This is an action by Uptime Sports Nutrition Inc. and Uptime Energy Inc. ("Plaintiffs") against Defendant Up Energy Drink LLC ("Defendant") for federal trademark infringement, dilution and federal false designation of origin, state unfair competition and false advertising, and state and common law trademark infringement and trade dress infringement. These claims are brought in connection with Defendant's use of: the trademark element "UP," a trade name dominated by the element "UP," a logo and trade dress that are dominated by "UP," and marketing and branding elements that are confusingly similar to Plaintiff's registered and unregistered trademarks UPTIME and Plaintiffs' trade dress. Defendant's intentional use of marketing and branding elements confusingly similar to Plaintiffs' trademarks, trade dress, and trade name violates the Lanham Act §§ 1051 through 1127, California Business & Professions Code §§ 17200, et seq., and 17500, et seq., and common law. Plaintiff seeks injunctive and monetary relief.

## Parties

2. Plaintiff Uptime Sports Nutrition Inc. is a Delaware corporation with a principal place of business at 7930 Alabama Avenue, Canoga Park, California 91304. Plaintiff is in the business of creating, selling, and marketing beverages and nutritional supplements.

3. Plaintiff Uptime Energy Inc. is a California corporation with a principal place of business at 7930 Alabama Avenue, Canoga Park, California 91304. Plaintiff is a wholly-owned subsidiary of Uptime Sports Nutrition Inc.

4. On information and belief, Defendant is a Texas limited liability company with a principal place of business at 1819 Taylor Avenue, Suite B, Louisville, Kentucky 40213. On information and belief, Defendant is a nutritional beverage company organized in January 2017.

Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this dispute pursuant to Lanham Act, 15 U.S.C. §§ 1121, 1125(a) & (c), 28 U.S.C. §§ 1331, 1337 & 1338, and the Court's pendent and ancillary jurisdiction pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant is selling the beverage product, in the wrongful manners that Plaintiff complains of, in California.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) because, on information and belief, Defendant regularly transacts business within this district and the events giving rise to Plaintiffs' claims occurred within this district.

Facts

8. Plaintiffs own numerous United States Trademark Registrations for the term "UPTIME"—which is dominated by the element "UP"—including for "nutritional food supplements" (Reg. No. 1448113) and "dietary supplemental drinks; dietary supplements; food supplements; herbal supplements; nutritional supplements" and "energy drinks; sports drinks" (Reg. No. 4781004). In addition, Plaintiffs own the **UP**TIME logo (with "UP" bolded) for "energy drinks; sports drinks, namely, energy drinks; sports drinks, namely, performance drinks" (Reg. No. 4719491). Plaintiffs also own common law rights in its registered marks. Collectively, these marks constitute the "UPTIME Marks."

9. Plaintiffs also own trade dress rights in their UPTIME nutritional supplement drink's inherently distinctive bottle design and are actively and broadly selling their UPTIME nutritional supplement drink in interstate commerce, including in California. The narrow, aluminum bottle is white with mostly black lettering. It features the word **UP**TIME with "UP" bolded, and the logo incorporates an arrow emerging upwards from the "U" in "UP".

10. Plaintiffs market and sell their UPTIME nutritional supplements and beverages to highly active people, a significant and important subset of those people being athletes.

11. As a result of Plaintiffs' expenditures and efforts, the UPTIME Marks and Plaintiffs' inherently distinctive bottle design have come to signify the high quality of the beverages and nutritional supplements designated by the UPTIME Marks and the bottle design, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

12. On information and belief, Defendant, without Plaintiffs' authorization, has begun marketing and selling a new "UP" sports beverage packaged in a white aluminum bottle. Defendant's "UP" bottle packaging is dominated by the word "UP," features primarily black lettering, and is comprised of a slender, white aluminum can. Defendant's "UP" bottle features a logo that includes "UP" with an upwards arrow emerging from lettering.

13. Defendant's use of "UP" and its bottle design are confusingly similar to Plaintiffs' mark UPTIME and Plaintiffs' bottle design.

14. Defendant's UP beverages are of the same nature as Plaintiffs' UPTIME beverages.

15. Defendant's UP beverages are sold and marketed in interstate commerce in trade channels that overlap with those used by Plaintiffs in selling and marketing their UPTIME beverages.

16. Defendant's UP beverages are sold and marketed to classes of consumers that overlap with classes of consumers to which Plaintiffs sell and market their UPTIME beverages.

17. Plaintiffs have received numerous consumer comments and inquiries that reflect actual marketplace confusion between Defendant's use of "UP" and its bottle design and Plaintiffs' UPTIME Marks and bottle design.

18. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's beverage products and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's beverages originate from, are associated or affiliated with, or otherwise authorized by Plaintiffs.

## COUNT ONE
### (TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, § 32)

19. Plaintiffs repeat and reallege paragraphs 1 through 18 hereof, as if fully set forth herein.

20. Defendant's unauthorized use in commerce of its UP mark and related trade dress as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's beverages, and is likely to cause consumers to believe, contrary to fact, that Defendant's beverages are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendant is in some way affiliated with or sponsored by Plaintiffs. Defendant's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiffs' prior rights in its UPTIME Marks and related trade dress rights, and with the willful intent to cause confusion and trade on Plaintiffs' goodwill.

22. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT TWO
### (TRADEMARK INFRINGEMENT UNDER COMMON LAW)

23. Plaintiffs repeat and reallege paragraphs 1 through 22 hereof, as if fully set forth herein.

24. By reason of Plaintiffs' continuous use and promotion of its UPTIME Marks and trade dress, as well as the distinctiveness of those trademark elements, consumers associate and recognize those trademark elements as representing a single source or sponsor of Plaintiffs' goods, and therefore Plaintiffs' trademarks are protectable at common law.

25. Defendant's use of its UP mark and related trade dress in connection with the advertising, distribution, marketing, promotion, offer for sale, and/or sale of Defendant's products is likely to cause confusion and has caused confusion as to the source of Defendant's products, in that customers will be likely to associate or have associated such products as originating with Plaintiffs, all to the detriment of Plaintiffs.

26. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiffs' prior rights in their UPTIME Marks and related trade dress rights, and with the willful intent to cause confusion and trade on Plaintiffs' goodwill.

27. By reason of Defendant's actions alleged herein, Plaintiffs have suffered, and will continue to suffer, irreparable injury to their rights, and have suffered, and will continue to suffer, substantial loss of goodwill and loss in the value of Plaintiffs' trademarks unless and until Defendant is enjoined from continuing its wrongful acts.

# COUNT THREE

### (UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER LANHAM ACT 43(a))

28. Plaintiffs repeat and reallege paragraphs 1 through 27 hereof, as if fully set forth herein.

29. Defendant's unauthorized use in commerce of its UP mark and related trade dress is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendant is in some way affiliated with or sponsored by Plaintiffs.

30. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiffs' prior rights in their UPTIME Marks and related trade dress rights, and with the willful intent to cause confusion and trade on Plaintiffs' goodwill.

31. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

# COUNT FOUR

### (TRADEMARK DILUTION UNDER LANHAM ACT § 43(c))

32. Plaintiffs repeat and reallege paragraphs 1 through 31 hereof, as if fully set forth herein.

33. Plaintiffs' UPTIME mark and related trade dress are famous, as the term is used in 15 U.S.C. §1125(c), and were famous before Defendant's first use of UP or its associated trade dress as a trademark based on the extensive nationwide use, advertising and promotion.

34. Defendant's actions, as described above, are likely to continue to dilute the distinctive quality of Plaintiffs' famous trademark elements by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

## COUNT FIVE

### (UNFAIR BUSINESS PRACTICES AND FALSE ADVERTISING UNDER CALIFORNIA LAW)

35. Plaintiffs repeat and reallege paragraphs 1 through 34 hereof, as if fully set forth herein.

36. Defendant's actions complained of herein are unlawful and/or fraudulent business acts or practices that have harmed and continue to harm Plaintiffs, constituting unfair competition and false advertising in violation of California Business and Professions Code § 17200, et seq. and California Business and Professions Code § 17500, et seq.

## Prayers For Relief

WHEREFORE, Plaintiffs pray that this Court:

1. Enter an order preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them from infringing Plaintiffs' trademark, trade dress and trade name rights.

2. Enter judgment on Counts One through Five and grant monetary relief to Plaintiffs, including actual damages, Defendant's profits, and punitive or otherwise enhanced damages, in an amount to be determined at trial, together with pre-judgment interest, post-judgment interest, and costs;

3. Find this case exceptional and award attorneys' fees to Plaintiffs under the Lanham Act or as otherwise provided by law; and

4. Grant such other and further relief as the Court deems just.

DATED: June 13, 2017                    VALLE MAKOFF LLP


                                        By:    /s/ Jeffrey B. Valle
                                              Jeffrey B. Valle
                                              Attorneys for Plaintiffs
                                              UPTIME SPORTS NUTRITION INC.
                                              and UPTIME ENERGY INC.


Of Counsel:

Heather B. Repicky (BBO # 663347)
Patrick J. Concannon (BBO # 643673)
Nutter McClennen & Fish LLP
Seaport West
155 Seaport Blvd.
Boston, Massachusetts 02210
(617) 439-2000

JURY DEMAND

Plaintiffs demand a jury trial in this matter as to all matters triable by a jury.

DATED: June 13, 2017                    VALLE MAKOFF LLP


By:    /s/ Jeffrey B. Valle
       Jeffrey B. Valle
         Attorneys for Plaintiffs
         UPTIME SPORTS NUTRITION INC.
       and UPTIME ENERGY INC.


Of Counsel:

Heather B. Repicky (BBO # 663347)
Patrick J. Concannon (BBO # 643673)
Nutter McClennen & Fish LLP
Seaport West
155 Seaport Blvd.
Boston, Massachusetts 02210
(617) 439-2000